## Singer Sewing Machine Company v. Baird et al.

A. B. Eaton, for plaintiff; H. C. Connor, for defendants.

MARTIN, P. J., July 9, 1928.—Judgment was entered on a note signed by defendants containing a confession of judgment. Damages were assessed, execution issued, the real estate levied upon was sold by the sheriff, and, by assignment of the title, plaintiff became the owner of the property.

On presentation of a petition, a citation was issued against defendants to show cause why a writ of possession should not issue. Answers were filed. The defendant, Samuel L. Baird, Sr., averred that the premises were sold by the sheriff as his property, but that he had no interest in the property and was not in possession and that it was owned by the other defendant.

The answer of Samuel L. Baird, Jr., admits that he was the owner of the premises, but alleges that the premises were not sold as his property, but as the property of the other defendant, Samuel L. Baird, Sr., who had no interest in the property.

An examination of the record proves the averments of these answers to be untrue. Judgment was entered against both defendants, damages were duly assessed against them, the writ of *venditioni exponas* upon which the property was sold issued against both defendants, and the sheriff's return shows that he sold the property in obedience to the writ.

Defendants have presented no ground for refusing a writ of possession.

And now, to wit, July 9, 1928, it is ordered that a writ of possession issue, and that the Sheriff of Philadelphia County deliver possession of the premises situate on the south side of Dickinson Street, at the distance of forty-seven feet four inches east of Beechwood Street, in the 36th Ward of the City of Philadelphia, containing in front on Dickinson Street fifteen feet and in depth southward fifty-three feet to a three feet wide alley, to plaintiff.